The next case on calendar, Diaz v. Messer, sometimes Collecto. And for those in the audience today, this case is a little bit unusual because only one side is arguing. So I know we have some law students here today. That's not how it normally happens, but this is one of those rare times you can tell all your classmates about. Ms. Coleman? Thank you, Your Honors. And if it pleases the Court, my name is June Coleman, and I represent appellants and non-parties, Charles Messer, David Kaminsky, and Stephen Watkins, who are the attorneys for Collecto. I'm sure the Court is aware from the briefing that they were sanctioned by the district court under Section 1927 for a frivolous argument regarding constitutionality of a California statute. The issue is whether the district court abused discretion when sanctioned attorneys abused discretion and sanctioned attorneys for arguing constitutionality of the Invasion of Privacy Act in defendant's motion for judgment on the pleadings. In this case, the Court specifically cites to three things. The Court argued that, or rather the Court held, that the motion was frivolous and reckless because the argument that the statute was unconstitutional because no expectation of privacy in a phone call was frivolous because the California Supreme Court in Flanagan v. Flanagan had addressed this issue, the California Supreme Court in Kearney v. Salomon Smith Barney had addressed this issue, and that reliance on the Illinois cases were inapplicable under the circumstances because  And the Court argued that the motion was frivolous and reckless. Kennedy, are you suggesting that you, the attorney can get sanctioned for making an argument for which there is some adverse authority, particularly at the district court level? Well, the district court held that they could be sanctioned, and there was a district court case unpublished in California that held that the constitutionality argument did not prevail. They lost it. That's correct. But are you saying that when there is an adverse decision in a district court within your circuit that you're going to get sanctioned if you make arguments that are contrary to that? I am not suggesting that, Your Honor.  to sanction an attorney for making an argument where there is no precedent, and the only case that has addressed it, either on the state level or the federal level, is a district court trial judge. I understand that. I'm just trying to decide where we cut the line between where you're suggesting that we draw that line between an argument that is, if you're, do you think you would be in a stronger position if your argument was simply the statute is unconstitutional and not cite any authority at all? No. I think I'm in a stronger position because I can cite to the Illinois cases which addressed the same legal arguments, albeit with a different statute, but the legal analysis in the Illinois cases is very applicable to this case. Okay. Well, I think that's what really ticked off the district court was he felt that those Illinois cases were simply different. They raised an overbreadth argument that you're not raising, and the statutes were very different. And my understanding was the court wasn't so upset that you made the argument, the general argument. The court was more upset with the way you advanced and supported that argument with inappropriate precedent. And so I'm trying to decide whether you, whether we look simply to whether the argument was ultimately not meritorious or whether we have to worry about whether the way that you made the argument is what triggered the sanctions. Well, I think it's important to remember that the attorneys did not argue that the Illinois cases were precedential. What they argued was that the analysis was similar in the Illinois cases. But the analysis wasn't similar. They were dealing with an as-applied overbreadth argument. Your client is arguing as an applied. Illinois was dealing with facial, and they were dealing, and your client is dealing with an as-applied argument with the statutes that are really quite different. But the Illinois court's analysis was, is there activity that's encompassed in their statute which does not support the governmental interests? And that is the argument that's similar to the arguments that were made by the attorneys in this case. That is that there is conduct that's covered under the statute that does not support the governmental interest. Same argument that was made in the Illinois cases. And so I understood that the district court was offended by the use of the Illinois cases and found that the Illinois statute is different from the California statute. But the analysis, whether that overbreadth includes activity that is not supported by the governmental interest, is still pertinent in the California case, in this DS case. Now, would the court have sanctioned the attorneys if they had not noted to the court that there's a similar case out there, applying similar recording statutes, albeit they're different, and pointing that out to the court? I would suggest to the court that, to this panel, that the court is very interested in knowing what authority is out there, that failure to cite to those cases might lead to a feeling by the court that the attorneys were trying to hide those cases. And so I think it's a wrong path. Did you cite those cases as CF cases, or did you cite them as direct authority? They were not cited as direct authority. They were cited as similar cases where the analysis is persuasive. Well, I suppose it's a question of at what level of generality can you cite analysis. As I read the district court, the substance of your argument that the district court seemed to be upset with was the argument that because the defendant could lawfully write a record of the statements, go back and write down what had been said on the phone call, that the plaintiff's theory is that he can recover if it's audio recorded. And that said that if that's true, then that would be true for every communication on the telephone that you have with anybody. And I think that... He says that's ridiculous. Now, what's wrong with that? And I think that the attorneys may have inartfully argued that issue. In People v. Clark, the court did note that two things. First of all, that if you can write down everything that's said verbatim, which I think whether you're talking about the Illinois statute or the California statute, you can do that legitimately and lawfully, that that provides a more certain record. I'm sorry, that the audio recording provides a more certain record than you can writing. And so there's some question as to whether it really serves the purpose. I don't believe, and I agree that this was inartfully argued by the attorneys, I don't believe that that provides an example of over-breath. I think the People v. Clark court also noted that you could do that because it didn't support the governmental interests of protecting conversational privacy. And so in People v. Clark, the court explained that very example and cited that very example, not for purposes of pointing out that the statute was unconstitutional, but rather that because you could write down everything in a conversation, the statute didn't seem to protect all conversational privacy. And I agree with you that the attorneys in the Diaz case did not argue that artfully, but I don't believe that they argued, and I could be wrong, but I don't believe that they argued that because you can write down everything that's said in a conversation, that that proves that the statute is unconstitutionally broad. I think generally speaking, this case boils down to the fact that this is a case where there was no precedent. There was no Ninth Circuit precedent. There was no California Supreme Court precedent. There was no California appellate court precedent in interpreting this California state law. We have a district court at the federal level, a trial court who issued an unpublished opinion, addressing the same legal issues. The court in this other case that was unpublished did not characterize the argument as frivolous, did not sanction the attorneys for making such an argument, and we have authority in another state, in Illinois, where they are arguing that a similar, not exactly the same, recording statute is unconstitutional. And their analysis as to why it's unconstitutional has nothing to do with whether it can be, whether it's overly broad to the extent that it allows for recording in court. It really had to, the analysis really had to do with whether or not the statute was overly broad and supported the conversational privacy interest of the government. And under these circumstances where there's no precedent, when there's persuasive authority, perhaps, when the unpublished trial court decision does not characterize the argument as frivolous or sanction the defendants for making such an argument, that it's an abuse of discretion for the trial court in the Diaz case to curtail that argument. And I think that such holdings would ultimately end up chilling the attorney's ability to zealously advocate for their clients. Thank you very much, Counsel. Thank you. The argument in this case, thank you, Counsel, for that argument, this case is submitted. And for those who are curious as to why there's only one attorney here, the opposing side did not file a brief in this case. And there's actually a provision in the Federal Rules of Appellate Procedure that say if the appellee does not file a brief, they do not get to argue. So it's just one of those rare times. We'll call the next case UFCW Local 1500 Pension Fund v. Ms. Mayer.
judges: Ebel, Schroeder, Owens